UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No.: **05-10132**

**CIV - KING**

MAGISTRATE JUDGE
GARBER

SCOTT B. WOLKOFF,

  Plaintiff,

v.

SCOTT STANDERWICK, individually,
and the CITY OF KEY WEST, a
Florida Municipal corporation,

  Defendants.

_____

## COMPLAINT

1. This is a civil action seeking money damages in excess of $ 15,000 dollars, exclusive of costs, interest, and attorney's fees, against SCOTT STANDERWICK, individually, and the CITY OF KEY WEST, a Florida Municipal corporation.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of



the Florida Statutes.

## PARTIES

4. Plaintiff SCOTT B. WOLKOFF [hereinafter Plaintiff] is resident of the Town of Davie, and the State of Florida.

5. At all times referred to herein, Defendant SCOTT STANDERWICK [hereinafter STANDERWICK or Defendant SCOTT STANDERWICK] was a law-enforcement officer for Defendant CITY OF KEY WEST, a Florida Municipal corporation, and was acting under color of law, and in such capacity as an agent, servant, and employee of Defendant CITY OF KEY WEST, a Florida Municipal corporation.

6. Defendant CITY OF KEY WEST [hereinafter Defendant CITY or Defendant CITY OF KEY WEST] is a Florida municipal corporation, organized and existing under the laws of the State of Florida, and located in Monroe County, and the Southern District of Florida. In this cause, Defendant CITY OF KEY WEST acted through its agents, employees, and servants, including Defendant STANDERWICK and others.

7. Plaintiff sues Defendant STANDERWICK in his individual capacity.

## FACTS

8. On March 12, 2005, Plaintiff and Anthony M. Morello [hereinafter "Morello"] traveled to Key West, Florida, located in Monroe County, and the Southern District of Florida.

9. Prior to their arrival in Key West, Plaintiff and Morello chartered a fishing boat for the morning of March 13, 2005.

10. Plaintiff and Morello arrived in Key West at approximately 10 p.m., and checked into their hotel.

11. Plaintiff and Morello thereafter contacted the front desk of the hotel and requested a cab to transport them to a restaurant.

12. The cabdriver recommended Café Iguana, insofar as it was one of the only restaurants still serving food after 11 p.m.

13. At Café Iguana, Plaintiff and Morello had dinner and drinks, and thereafter walked around Duval Street.

14. At approximately 12:45 p.m., Plaintiff and Morello entered a club that was playing live music.

15. While at the club, Plaintiff and Morello listened to music and had drinks prior to departing in anticipation of their fishing trip that morning.

16. Plaintiff and Morello thereafter began to look for a taxi, at which time a MaxiTaxi pulled up with three or four individuals inside.

17. The individuals inside the MaxiTaxi appeared to be "Spring Break" age, and intoxicated.

18. Without any reason or provocation, the individuals inside the MaxiTaxi started yelling.

19. Plaintiff was walking ahead of Morello when one of the "Spring Break" age individuals inside the MaxiTaxi alighted from the vehicle and struck Morello without warning or lawful justification.

20. Almost immediately, and before Plaintiff could return to Morello's location, several Defendant CITY OF KEY WEST police officers approached the assailant and his companions and threw them to the ground as Plaintiff and Morello stood in disbelief at what had

transpired.

21. In short order, several Defendant CITY OF KEY WEST police officers were on scene, including Defendant STANDERWICK.

22. A Defendant CITY OF KEY WEST police officer thereafter ordered Plaintiff and Morello to stand against a nearby wall.

23. After several minutes, Plaintiff and Morello were ordered to turn around and where placed in handcuffs and leg shackles.

24. At no time did any member of Defendant CITY OF KEY WEST's police department, including Defendant STANDERWICK, question either Plaintiff or Morello, to determine whether either Plaintiff or Morello fit the criteria for involuntary commitment or protective custody, pursuant to Florida Statute § 397.675.

25. When Plaintiff and Morello inquired as to the basis for their arrests, they were told: "You are not under arrest, you're just going to station to discuss what happened."

26. Morello was asked if he wanted to press charges, and he replied "No."

27. Plaintiff and Morello were then transported to the Monroe County Detention Center, pursuant to the "Hal S. Marchman Alcohol and Other Drug Services Act of 1993" [hereinafter "Marchman Act"] in the absence of probable cause to believe that Plaintiff or Morello qualified for involuntary civil commitment under Florida law.

28. At the Monroe County Detention Center, Plaintiff and Morello were placed in the cell along with a numerous other individuals being held pursuant to the "Marchman Act."

29. The occupants of the Maxitaxi were placed in a separate nearby cell, at which time they apologized to Plaintiff and Morello for their conduct.

4

30. During their incarceration, Plaintiff and Morello repeatedly asked why they were under arrest, and were repeatedly told by employees of the Monro County Detention Center that they were not under arrest.

31. When Plaintiff and Morello asked why they were being held if they were not under arrest, detention officials responded only by stating "March Man," a term neither Plaintiff nor Morello knew or understood.

32. Defendant STANDERWICK thereafter completed a form styled "Arresting Officer's Assessment of Arrestee." (A copy of the "Arresting Officer's Assessment of Arrestee" is attached hereto and made a part hereof as Exhibit "A.")

33. On the "Arresting Officer's Assessment of Arrestee" form completed for Plaintiff, Defendant STANDERWICK signed the line designated for "Arresting Officer."

34. On the "Arresting Officer's Assessment of Arrestee" form Defendant STANDERWICK completed for Plaintiff, Defendant STANDERWICK indicated "No" in response to the question: "Has the person said or done anything that might indicate that s/he is a danger to him/herself?"

35. On the "Arresting Officer's Assessment of Arrestee" form Defendant STANDERWICK completed for Plaintiff, Defendant STANDERWICK falsely stated: "subject was in street causing a scene" in response to the question: "Has the person acted in an odd or bizarre fashion?"

36. On the "Arresting Officer's Assessment of Arrestee" form Defendant STANDERWICK completed for Plaintiff, Defendant STANDERWICK stated: "subject appears to be under the influence of drugs or alcohol," in response to the question: "Does the person appear

<a>
</a>

to be under the influence of drugs or alcohol?"

37. On the "Arresting Officer's Assessment of Arrestee" form Defendant STANDERWICK completed for Plaintiff, Defendant STANDERWICK indicated "No" in response to the question: "Are you aware of any known physical injuries."

38. At all times material hereto, Defendant STANDERWICK did not request that either Plaintiff or Morello submit to a chemical breath alcohol test, or any other form of sobriety testing, including but not limited to so-called "roadside sobriety tasks," or urine or blood testing.

39. At all times material hereto, it would have been plainly obvious to any reasonable law-enforcement officer in the position of Defendant STANDERWICK that neither Plaintiff nor Morello fit the criteria for involuntary admission or protective custody pursuant to the "Marchman Act."

40. At all times material hereto, it would have been plainly obvious to any reasonable law-enforcement officer in the position of Defendant STANDERWICK that there was a lack of probable cause to believe that either Plaintiff or Morello were substance abuse impaired, and because of such impairment, had lost the power of self-control with respect to substance abuse.

41. At all times material hereto, it would have been plainly obvious to any reasonable law-enforcement officer in the position of Defendant STANDERWICK that there was a lack of probable cause to believe that Plaintiff inflicted or threatened to inflict physical harm on himself or another.

42. At all times material hereto, it would have been plainly obvious to any reasonable law-enforcement officer in the position of Defendant STANDERWICK that there was a lack of probable cause to believe that Plaintiff was in need of substance abuse services and, by

reason of substance abuse impairment, Plaintiff's judgment had been so impaired that Plaintiff was incapable of appreciating his need for such services, and making a rational decision in regard thereto, pursuant to Florida Statute § 397.675.

43.     Plaintiff and Morello remained incarcerated at the Monroe County Detention Center until proximately 12 p.m., on March 13, 2005, and as a consequence thereof, did not stay overnight in their paid hotel room and missed their chartered fishing trip.

44.     No criminal charges were ever filed against either Plaintiff or Morello.

45.     At all times material hereto, the conduct of Defendant STANDERWICK occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FOURTH AMENDMENT CLAIM AGAINST DEFENDANT STANDERWICK, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant STANDERWICK, individually, in Count I, Plaintiff states:

46.     Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 45.

47.     Defendant STANDERWICK, by direct act or indirect procurement, personally participated in or proximately caused Plaintiff's involuntary civil commitment pursuant to the "Marchman Act" in the absence of probable cause to believe that Plaintiff fit the criteria for involuntary commitment or protective custody, pursuant to Florida Statute § 397.675.

48.     The conduct of Defendant STANDERWICK towards Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from civil commitment in the absence of probable

7

cause.

49. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

50. As a further direct and proximate result of the conduct of Defendant STANDERWICK, Plaintiff suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT II
### FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT CITY OF KEY WEST

For his cause of action against Defendant CITY OF KEY WEST in Count II, Plaintiff states:

51. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 45.

52. Defendant STANDERWICK proximately caused Plaintiff's civil commitment in the absence of probable cause to believe that Plaintiff fit the criteria for involuntary commitment or protective custody, pursuant to Florida Statute § 397.675.

53. The actions of Defendant STANDERWICK constitute false imprisonment of Plaintiff under Florida law.

54. The false imprisonment of Plaintiff by Defendant STANDERWICK was committed by Defendant STANDERWICK in the course and scope of his employment as a law-enforcement officer for Defendant CITY OF KEY WEST.

55. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

56. As a further direct and proximate result of the conduct of Defendant CITY OF KEY WEST, Plaintiff suffered loss of his liberty and freedom, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

  a. Judgment for compensatory damages in excess of $15,000.00 dollars;

  b. Cost of suit;

  c. Trial by jury as to all issues so triable; and

  d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT STANDERWICK, INDIVIDUALLY

For his cause of action against Defendant STANDERWICK, individually, in Count III Plaintiff states:

57. Plaintiff realleges and adopts, as if fully set forth in Count III the allegations of paragraphs 1 through 45.

58. Defendant STANDERWICK proximately caused Plaintiff's civil commitment in the absence of probable cause to believe that Plaintiff fit the criteria for involuntary commitment or protective custody, pursuant to Florida Statute § 397.675.

59. The actions of Defendant STANDERWICK, individually, constitute false imprisonment of Plaintiff under Florida law.

60. Alternatively to the allegations set forth in Count II, if the false imprisonment of Plaintiff was not committed by Defendant STANDERWICK during the course and scope of his employment for Defendant CITY OF KEY WEST, or in good faith, or was committed by Defendant STANDERWICK in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the false imprisonment of Plaintiff was committed by Defendant STANDERWICK in his individual capacity.

61. As a direct and proximate result of the acts described above, Plaintiff has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

62. As a further direct and proximate result of the conduct of Defendant STANDERWICK, individually, Plaintiff suffered loss of his liberty and freedom, pain and suffering,

mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Judgment for exemplary damages;

c. Cost of suit;

d. Trial by jury as to all issues so triable; and

e. Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

63. Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

HUGH L. KOERNER, P.A.
Attorney for Plaintiff
100 S.E. Sixth Street
Fort Lauderdale, FL 33301
(954) 522-1235
(954) 582-1176 (Fax)
Email: hlkpa@fdn.com

By: _____
Hugh L. Koerner
Florida Bar No.: 716952

# ARRESTING OFFICER'S ASSESSMENT OF ARRESTEE

1. Has the person said or done anything that might indicate that s/he is a danger to him/herself?   YES / **NO**

2. Has the person acted in an odd or bizarre fashion?   **YES** / NO

3. Does the person appear to be under the influence of drugs or alcohol?   **YES** / NO

4. Are you aware of any known physical injuries?   YES / **NO**

## IF YOU ANSWERED "YES" TO ANY OF THE ABOVE QUESTIONS, AN EXPLANATION IS REQUIRED BELOW

#2 Subject was _____ street _____ a scene

#3 Subject appears to be under the influence of drugs or alcohol

_Standhouse 2864_     _KWPD_     3/13/05
Arresting Officer and ID#     Agency     Date

_[signature] 856_     _MCDC_     3/13/05
Intake Officer and ID#     Jail     Date

_Scott Wolkoff_
Name of Arrestee

EXHIBIT A

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SCOTT B. WOLKOFF

**CIV - KING**

### DEFENDANTS
SCOTT STANDERWICK, individually, MAGISTRATE JUDGE
and the CITY OF KEY WEST, a       GARBER
Florida Municipal corporation,

(b) County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hugh L. Koerner, Esq., Law Offices of Hugh L. Koerner, P.A., 100 S.E. 6th Street, Fort Lauderdale, FL 33301, Tel: 954/522-1235, Email: hlkpa@fdn.com

**05-10132**

(d) Check County Where Action Arose: ☐ DADE ☒ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

4:05CV10132-King-Garber

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|                              | PTF | DEF |                                                | PTF | DEF |
|------------------------------|-----|-----|------------------------------------------------|-----|-----|
| Citizen of This State        | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State     | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                 | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Unreasonable seizure contrary to the Fourth Amendment and 42 U.S.C. Section 1983

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** $15,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12/12/2005
SIGNATURE OF ATTORNEY OF RECORD
Fla Bar #716952

**FOR OFFICE USE ONLY**
RECEIPT # 535847   AMOUNT ___   APPLYING IFP ___